UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.R. C.M.,<br>Petitioner,<br>v.<br>TONYA ANDREWS, *et al.*,<br>Respondents. | Case No. 1:25-cv-2071-TLN-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, formerly a federal immigration detainee, proceeding with counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pending before the court is petitioner's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 18. For the reasons set forth below, I recommend that petitioner's motion be granted in part.

**Relevant Background**

The court granted petitioner's motion for temporary restraining order on December 31, 2025, and ordered that respondents release petitioner immediately. ECF No. 6. The parties briefed the merits of the petition, and the court enjoined respondents from re-arresting petitioner absent compliance with constitutional protections. ECF No. 11. On May 1, 2026, the court granted the writ for habeas corpus, ECF No. 16, and entered judgment for petitioner, ECF No. 17.

Petitioner filed his motion for attorney's fees on July 30, 2026. ECF No. 18. The matter

was referred to me on July 31, 2026. ECF No. 19. Respondents have filed an opposition. ECF No. 20. Petitioner has replied. ECF No. 21.

**Legal Standard**

"Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." *Carbonell v. I.N.S.*, 429 F.3d 894, 897-98 (9th Cir. 2005). Congress has authorized fee recovery by prevailing parties under the EAJA. *Id.* at 898; 28 U.S.C. § 2412(d)(1)(A). The EAJA directs a court to award reasonable fees and expenses to private parties who prevail in civil litigation against the United States if the position of the United States was not "substantially justified" and no "special circumstances make an award unjust." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). "The government bears the burden of demonstrating substantial justification." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

Thus, to obtain an award for EAJA attorney's fees and costs: (1) petitioner must be the prevailing party; (2) the government's position must not be substantially justified, and no special circumstances make an award unjust; and (3) the requested attorney's fees and costs must be reasonable. *See* 28 U.S.C. § 2412(d)(1)(A).

**Analysis**

Respondents first argue that this matter should be held in abeyance pending the Supreme Court's resolution of *Montoya Palacios v. Liggins*, No. 25-1233, 2026 WL 1855057 (U.S. June 29, 2026) (granting certiorari).[1] ECF No. 20 at 2. Under *Landis v. North America Co.*, 299 U.S. 248 (1936), a district court has the discretionary power to stay proceedings pending the outcome of a controlling legal issue in a different case before the Supreme Court. The Court of Appeals has established a three-factor test which requires a district court to balance the interests of: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be

[1] Respondents have not gone through the factors to explain why a stay is appropriate. *See id.* at 2.

expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)).

Here, the factors weigh against a stay. Entering a stay would prohibit compensation for petitioner's counsel in a case in which she may be entitled to fees. Such a failure to compensate attorneys may produce a chilling effect on representation for immigration habeas petitioners. Conversely, the government has pointed to no hardship or inequity in resolving this motion. Finally, the orderly course of justice requires bringing finality to matters. *See V.O v. Noem*, No. 1:25-cv-1796-TLN-JDP, 2026 WL 2169089 (E.D. Cal. July 28, 2026), *report and recommendation adopted*, 2026 WL 2568900 (E.D. Cal. Aug. 28, 2026).

Respondents next argue that petitioner's motion for attorney's fees must be denied because habeas proceedings are not civil actions under 28 U.S.C. § 2412(d)(1)(A). ECF No. 20 at 2. The EAJA expressly limits its provision for an award of attorney's fees and expenses to a party that prevails against the United States in a "civil action." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has found that habeas corpus proceedings are "technically 'civil'" in general. *Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971). The Court of Appeals has held that EAJA fees are available in the context of some immigration habeas actions. *Nadarajah v. Holder*, 569 F.3d 906, 924 (9th Cir. 2009); *In re Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1985). Both the Third Circuit and Tenth Circuit Courts of Appeals recently held that the EAJA "unambiguously" encompasses habeas challenges to immigration detention, expressly finding that such proceedings qualify as "civil actions" and that, accordingly, prevailing petitioners are eligible for an award of fees. *See Michelin v. Warden*, 169 F.4th 418, 424-25 (3d Cir. 2026), *pet. for rehrn'g by panel en banc den'd*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). In reaching this conclusion, both courts relied, in part, on the EAJA's use of the phrase "*any* civil action (other than cases sounding in tort)" as the qualifying language entitling a prevailing party to seek an award of fees. *See* 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

In light of the Supreme Court's characterization in *Schlanger* that habeas corpus proceedings are "technically 'civil'" actions, coupled with EAJA's applicability to "any" civil

action except an expressly identified category of cases inapplicable here (i.e., "other than cases sounding in tort"), I agree with the Third and Tenth Circuit's interpretation that the EAJA includes habeas proceedings challenging immigration detention. This conclusion accords with courts in this Circuit and elsewhere that have held that immigration habeas petitions are civil actions for purposes of fee awards under the EAJA. *See Gurjinder S. v. Warden*, No. 1:26-cv-0188-TLN-CSK, 2026 WL 2110865, at *2 (E.D. Cal. July 22, 2026) ("Courts in this district have held that habeas petitions are civil actions for purposes of fee awards under the EAJA."); *S.F. v. Bostock*, No. 3:25-cv-1084-MTK, 2026 WL 1230044, at *3 (D. Or. May 5, 2026) ("The plain text of the EAJA, as well as the substance of Petitioner's remedy, establish that this [immigration habeas] case is a 'civil action' under the EAJA."); *Krajekian v. Cantu*, No. 25-cv-2666-DJH-CDB) 2026 WL 598226, at *3 (D. Ariz. Jan. 2, 2026), *report and recommendation adopted*, 2026 WL 596300 (D. Ariz. Mar. 3, 2026) (same); *see also Michelin v. Warden*, 169 F.4th 418, 424-25 (3d Cir. 2026) (same); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (same).

Accordingly, the EAJA applies to this action, and I must determine whether petitioner qualifies for the payment of attorney's fees. Petitioner argues that he is the prevailing party in this litigation, as the court agreed with his position that his immediate release from custody was required under the Constitution, and petitioner obtained the relief sought in the petition. ECF No. 18 at 3-4. Respondents do not contest this argument. *See* ECF No. 20. I agree that petitioner is the prevailing party: through this litigation, petitioner obtained his release from custody, ECF No. 6, a preliminary injunction against illegal re-detention, ECF No. 11, and a writ of habeas corpus permanently enjoining respondents from re-detaining petitioner in violation of the Constitution, ECF No. 16. *See A.S. v. Sec'y U.S. Dep't of Homeland Sec.*, No. 1:26-cv-1039-JLT-EGC, 2026 WL 1847393 (E.D. Cal. June 26, 2026) (finding that the petitioner was the prevailing party where the court ordered release from immigration custody and rejected the respondent's arguments on the merits).

To defeat a prevailing party's claim to attorney's fees under the EAJA, the government bears the burden of showing that its position was substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citing *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th

Cir. 2005)). Respondents argue that their litigation position—that ICE could mandatorily detain petitioner under section 1225(b)—had a reasonable basis in law and fact based on opinions by the Fifth and Eighth Circuit Courts of Appeals. *See* ECF No. 20 at 4. "The clearly stated objective of the EAJA is to eliminate financial disincentives for those who would defend against unjustified governmental action and thereby to deter the unreasonable exercise of Government authority." *Ardestani v. I.N.S.*, 502 U.S. 129, 138 (1991). "Congress specifically intended EAJA to be a deterrent for unreasonable agency conduct." *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007). Accordingly, under the EAJA, "the position of the United States" means "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

The government has not met its burden to show that the position of the United States was substantially justified. *See* ECF No. 20 at 4-5. Although the government asserts that its litigation position was substantially justified, it does not address the agency actions that petitioner filed a habeas petition to redress. The government has not shown that it was substantially justified for ICE to detain petitioner, who had been released into the United States by the Department of Homeland Security and was in compliance with all conditions of his release. *See* ECF No. 6 at 1-2. The government has also failed to show that ICE's arrest of petitioner when he reported as instructed to the ICE office was substantially justified. *Id*. at 2. Further, the government has failed to show that the decision of the Department of Justice, through the Executive Office for Immigration Review ("EOIR"), not to provide petitioner a bond hearing for over seven months, *see id.*, was substantially justified. Accordingly, the government has not sustained its burden to show that each of these agency actions was substantially justified.

Further, as noted by petitioner, respondent's substantial justification argument fails to address the due process ground upon which the court granted petitioner relief. *See* ECF No. 6. at 3-7. The court held that petitioner had a "clear interest in his continued freedom" and that he was entitled to due process in the form of a "hearing to determine whether his detention was warranted." *Id.* at 5-7. The court based this conclusion on established law, that the "Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty,

or property without due process of law." *Hernandez v. Session*, 872 F.3d 976, 990 (9th Cir. 2017). The Court of Appeals has joined five other Circuit Courts of Appeals in holding that the proper detention authority for noncitizens, like petitioner, who have been released into the United States is the discretionary authority in 8 U.S.C. § 1226, not the mandatory detention authority exercised by respondents under 8 U.S.C. § 1225(b).[2] *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *accord Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 914 (7th Cir. 2026). Accordingly, I find that the government's position was not substantially justified.

The government has made no argument that the special circumstances exception applies, *see* ECF No. 20, and thus it has not borne its burden on that issue. *See Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991) (holding that government has burden of proof on that issue).

Lastly, I must determine whether petitioner's attorney fee request is reasonable. Respondents do not dispute the attorney fees requested by petitioner. *See* ECF No. 20. In determining what constitutes "reasonable" attorney's fees under the EAJA, "the district court must apply the hybrid approach adopted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). "First, the district court must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Next, in rare instances, the court may increase or reduce the presumptively reasonable lodestar fee on the basis of factors" that are not captured by the lodestar calculation. *Id*. (cleaned up).

Petitioner's counsel requests a rate of $600 an hour, which is more than double the statutory maximum hourly rate authorized by the EAJA, adjusted for increases in the cost of living. *See Thangaraja*, 428 F.3d at 876-77; "Statutory Maximum Rates Under the Equal Access to Justice," available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last

---

[2] Because the mandate has yet to issue, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41.

visited July 23, 2026). This maximum rate (presently $258.46 for work performed in 2025) controls unless the district court finds that a "special factor" warrants a higher rate. *See Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

Attorneys' fees are capped at the Ninth Circuit rate unless there is "limited availability of qualified attorneys," which may occur "(1) where the attorneys possess 'distinctive knowledge' and 'specialized skill' that (2) was 'needful to the litigation in question' and (3) not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (citations omitted). Further, enhanced fees should only be awarded "in certain 'rare' and 'exceptional' cases. . . ." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987). Counsel justifies a higher fee request for her "managing attorney hours" by arguing that there is a limited availability of qualified attorneys for the proceedings involved. ECF No. 18 at 12. She also argues that she has distinctive knowledge supporting enhancement of the maximum hourly rate. *Id*. She also argues that the rate should be increased based on the high cost of living. *Id.* at 9. Based on the large number of immigration habeas cases in this court and the extensive case law in this area, I cannot find that this matter was the type of "rare" and "exceptional" case supporting enhanced fees.

Counsel for petitioner has provided detailed billing records for that time that the attorneys and paralegals worked on this case. ECF No. 18-3. Counsel indicates that the associate attorney spent 22 hours on this matter, which at the statutory maximum rate of $258.45 totals $5,686.12. *See* ECF No. 18-3 at 5. She indicates that the managing attorneys spent 3.72 hours, which totals $961.47 when the statutory maximum rate is used. *Id.* The paralegal spent 2.77 hours, which totals $415.50 at the requested rate of $150 an hour. *Id.; see also* ECF No. 18-1 at 4. The requested attorney's fees thus total $7,063.09. Counsel attaches the signed declaration of petitioner in support of the motion. ECF No. 18-2.

I find that this request is reasonable. For the sake of comparison, in an immigration habeas case involving a similar amount of litigation, the petitioner's three attorneys billed 50.55 hours, which the district court found reasonable and for which the court awarded $25,275. *See S.F.*, 2026 WL 1230044, at *4-6. My experience presiding over a significant

number of immigration habeas cases, coupled with the hours found reasonable by other courts in similar cases, demonstrate that counsel's request for total fees of $7,063.09 as compensation for 25.72 attorney hours and 2.77 paralegal hours is reasonable. *See Doe v. Chestnut*, No. 1:25-cv-1372-CDB, 2026 WL 1459808, at *4 (E.D. Cal. May 25, 2026) (awarding $34,518.77 for 131.06 attorney hours and 4.3 paralegal hours); *Gurjinder S.*, 2026 WL 2110865, at *8 (awarding $14,732.22 for 57 attorney hours and 3 legal assistant hours); *N.A.L.C. v. Wofford*, No. 1:25-cv-1917-KES-CDB, 2026 WL 1724739, at *5 (E.D. Cal. June 15, 2026) (recommending award of $7,685.05 for 13.6 attorney hours and 27.8 paralegal hours); *Karla D. R. v. Chestnut*, No. 1:26-cv-1137-TLN-CKD, 2026 WL 1906168, at *2 (E.D. Cal. July 2, 2026) (awarding $6,345.81 in attorney fees for 19.6 attorney hours and 10.2 paralegal hours); *E.A.P.C. v. Wofford*, No. 1:25-cv-1546-JLT-CDB, 2026 WL 1758394 (E.D. Cal. June 18, 2026), *report and recommendation adopted*, 2026 WL 1983910 (E.D. Cal. July 9, 2026) (awarding $5,828.30 for 6.3 attorney hours and 28 paralegal hours); *A.S.*, 2026 WL 1847393, at *2 (recommending award of $3,235.75 for 12.5 attorney hours); *Oscar C.M. v. Knight*, No. 1:25-CV-01915-TLN-SCR, 2026 WL 743350 (E.D. Cal. Mar. 17, 2026) (awarding $2,966.44 for approximately 13 attorney hours).

In light of the above, and having found the requested amount reasonable, I recommend that the motion be granted in part and that attorney's fees be awarded in the amount of $7,063.09.

**Conclusion**

Accordingly, it is HEREBY RECOMMENDED that:

1. Petitioner's motion for the award of attorney's fees, ECF No. 18, be GRANTED IN PART;

2. Respondents be ordered to remit to counsel for petitioner's attorney's fees and expenses in the amount of $7,063.09; and

3. This award be made payable to petitioner, but if the Department of the Treasury determines that petitioner does not owe a federal debt, then respondents shall cause the payment of attorney fees and expenses to be made directly to petitioner's counsel.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 19, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE